IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CAROL HENRY,                        §
                                    §
                    Plaintiff,      §
                                    § Civil Action No. 3:05-CV-1409-D
VS.                                 §
                                    §
UNITED STATES OF AMERICA,           §
                                    §
                    Defendant.      §

MEMORANDUM OPINION
AND ORDER

The dispositive question presented in this income tax refund suit is whether the plaintiff-taxpayer has adduced evidence that meets the regulatory requirements for establishing financial disability due to a medical impairment and thus permits the finding that the limitations period for filing her refund claim was tolled. Concluding that she has not, the court grants the government's motion for summary judgment and dismisses the case with prejudice.

I

The underlying facts in this case are largely undisputed.  On April 15, 1999 plaintiff Carol Henry ("Henry") filed a timely request for an extension of time to file her federal income tax return for the 1998 tax year.  She received an extension until August 15, 1999 to file.  Henry made several tax payments for the 1998 year, with the last being made on April 15, 1999.  Henry was diagnosed with follicular lymphoma cancer on August 22, 2002.

On April 17, 2003 Henry filed her 1998 income tax return, in which she claimed a refund of $17,234.00 for the 1998 tax year.

After the Internal Revenue Service ("IRS") denied her refund claim, she filed this suit.  The government moves for summary judgment, contending the suit is barred by limitations.[1]  It maintains that she cannot show that she was "financially disabled" before August 15, 2002, the date by which her refund claim should have been filed.

## II

It is settled that the United States, as a sovereign, is immune from suit unless it consents to be sued.  *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quoting *United States v. Testan,* 424 U.S. 392, 399 (1976)).  "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *Id.* (internal quotation marks omitted) (quoting *Testan,* 424 U.S. at 399).  "A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms."  *Id.* (citing cases).  "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity."  *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987) (addressing sovereign immunity in context of Federal Tort Claims Act) (citing *Holloman v.*

---

[1]It may have been more precise for the government to assert as the ground for its motion the premise that Henry's suit is barred by sovereign immunity.  This is a little moment, however, because the question whether sovereign immunity applies turns on whether Henry's suit is time-barred.  The motion thus presents the precise issue to be resolved in addressing whether the United States has waived sovereign immunity in the circumstances of this case.

*Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983)); *see also Lundeen v. Mineta,* 291 F.3d 300, 304 (5th Cir. 2002) (addressing sovereign immunity in context of Administrative Procedure Act) ("The burden is on [plaintiff] to show such consent, because he is the party asserting federal jurisdiction." (citing *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)).

"[26 U.S.C. §] 7422 provides for a civil action for refund of certain wrongfully collected taxes." *Beall v. United States*, 336 F.3d 419, 422 (5th Cir. 2003).  Under § 7422,

> [n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

"[28 U.S.C. §] 1346 operates in conjunction with 26 U.S.C. § 7422 to provide a waiver of sovereign immunity in tax refund suits . . . when the taxpayer has fully paid the tax and filed an administrative claim for a refund." *Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994).

"[U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' may not be maintained in

any court." *Dalm*, 494 U.S. at 602 (citations omitted) (quoting 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a), and citing *United States v. Kales,* 314 U.S. 186, 193 (1941)).   Section 6511(a) provides, in pertinent part, that a

> [c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . .

26 U.S.C. § 6511(b) imposes a substantive limit on the amount of the refund a taxpayer can collect.   This "look back" provision states:

> If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

26 U.S.C. § 6511(b)(2)(A).   Accordingly,

> [f]or a taxpayer who has filed a tax return, these two provisions establish two limitations hurdles.  First, the taxpayer must demonstrate that he or she filed a claim for refund within 3 years of the time the tax return was filed.  Second, the taxpayer must show that any amounts sought as refund were actually *paid* in the 3 year period immediately preceding the filing of the claim.

*Mills v. United States*, 805 F. Supp. 448, 450 (E.D. Tex. 1992).

26 U.S.C. § 6511(h)(1) provides that the running of the

- 4 -

limitations period for filing a claim for a tax refund "shall be suspended during any period of such individual's life that such individual is financially disabled."   The statute states, in pertinent part, that

> an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  *An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary [of the Treasury] may require.*

26 U.S.C. § 6511(h)(2)(A) (emphasis added).

The IRS has promulgated procedures for establishing financial disability, and they require that a taxpayer submit a written statement by a physician qualified to make the determination that sets forth:

> (a) the name and a description of the taxpayer's physical or mental impairment;
> (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;
> (c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;
> (d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and
> (e) the following certification, signed by the

- 5 -

> physician: I hereby certify that, to the best
> of my knowledge and belief, the above
> representations are true, correct, and
> complete.

Rev. Proc. 99-21, 1991-1 C.B. 960.

                              III

Because a tax return that claims a refund is treated as a refund claim, Henry's 1998 income tax return, filed on April 17, 2003, constitutes a claim for a refund and satisfies the temporal requirement of 26 U.S.C. § 6511(a).  Henry received a four-month extension to file her 1998 income tax return.  Her latest payment for the 1998 tax year occurred on April 15, 1999.  Under § 6511(b), to obtain a refund of the amount Henry paid on April 15, 1999, she would have to have filed her refund claim (here, in the form of her tax return) within three years and four months from the date of that payment.  In other words, she was required to have filed her refund claim by August 15, 2002.  In filing her tax return on April 17, 2003, Henry missed the statutory deadline by approximately eight months.

Henry does not dispute that the deadline for filing her claim for a refund would normally have expired on August 15, 2002.  She maintains, however, that although she was tentatively diagnosed with follicular lymphoma cancer eight days *after* the deadline, she suffered financial disability for several months beforehand, and the limitations period was tolled pursuant to 26 U.S.C. § 6511(h) during the period of her physical impairment.

                            - 6 -

The government argues that it is entitled to summary judgment because, *inter alia*, Henry was diagnosed with cancer after the date for filing her claim for a refund had expired, and she has not met her burden of establishing entitlement under the financial disability provision of 26 U.S.C. § 6511(h) to toll the period before her diagnosis. Specifically, it maintains that Henry has no evidence that she has complied with the physician's statement requirements set forth in Revenue Procedure 99-21. Therefore, the government argues that Henry's claim for a tax refund is barred by limitations.

In response to the government's motion for summary judgment, Henry has produced letters from two physicians, neither of whom was her treating physician during the time she allegedly suffered financial disability, and both letters are dated in September 2006. The first letter, from Houston Holmes, M.D. ("Dr. Holmes"), states, in relevant part:

> I did not see [Henry] in this office until November 2002, so I can only speculate regarding her condition before that time. *It is possible that her symptoms could have been severe enough to render her unable to manage her personal or financial affairs. I do not know if this is the case with Mrs. Henry.* She initiated treatment for her lymphoma shortly after we saw her in November 2002.

P. App. 25 (emphasis added). This statement does not comply with the requirement of Revenue Procedure 99-21, because the letter neither contains Dr. Holmes's medical opinion that Henry's physical

impairment prevented her from managing her financial affairs, as required under Revenue Procedure 99-21 Sec. 4(b), nor does it state, to the best of Dr. Holmes's knowledge, the specific time period during which Henry was prevented by such physical impairment from managing her financial affairs, as required under Sec. 4(d). Dr. Holmes merely opines that it is *possible* that her symptoms could have been severe enough to render her unable to manage her financial affairs, but he does not know.

The second letter Henry submitted is from Fay Elaine Simon, M.D. ("Dr. Simon"). Dr. Simon was not Henry's treating physician, and she states that she "was not involved in the care of Ms. Henry before or during her cancer diagnosis. No medical history has been gathered and no exam has been performed by me on her to date." P. App. 26. Dr. Simon based her letter on her review of Henry's old charts, which she obtained from Judy Jordan, M.D. ("Dr. Jordan"), Henry's former physician, at the time Dr. Jordan retired. Dr. Simon's letter generally recounts the notes from Dr. Jordan's examination of Henry on August 22, 2002. Although Dr. Jordan's chart describes in detail the symptoms of the disease that Henry had been experiencing, it nowhere contains Dr. Jordan's (or Dr. Simon's) medical opinion that Henry's physical impairment prevented her from managing her financial affairs, nor does it state, to the best of Dr. Jordan's (or Dr. Simon's) knowledge, the specific time period during which Henry was prevented by such physical impairment

from managing her financial affairs.

Henry has also produced various affidavits, including from her children, herself, and her certified public accountant, that describe her physical impairments and her inability to manage her financial affairs. This evidence does not satisfy the physician-statement requirement of Revenue Procedure 99-21. It is the *physician's medical opinion* that the taxpayer's physical impairment prevented her from managing her financial affairs that is necessary to claim financial disability under Revenue Procedure 99-21. The taxpayer's own opinion, or the opinion of one who is not qualified to offer *a medical opinion*, cannot satisfy the procedural requirements. *See Lundeen*, 291 F.3d at 304 ("Consequently, no suit may be maintained against the United States unless the suit is brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued." (citing *Koehler v. United States*, 153 F.3d 263, 265 (5th Cir. 1998)).

The court therefore concludes that Henry has not met her burden of showing that she complied with the procedural requirements of Revenue Procedure 99-21. Specifically, she has produced no physician's written statement that her physical impairment prevented her from managing her financial affairs, or that states the specific time period during which she was prevented by such physical impairment from managing her financial affairs.

The court takes as true Henry's representation that she did

not develop Lymphoma cancer in fewer than eight days.  In fact, Henry has produced evidence that she suffered the symptoms of the cancer long before the actual diagnosis on August 22, 2002.  But while the court in no sense intends to denigrate the seriousness of her cancer, it cannot deprive the United States of sovereign immunity where she has failed to produce a physician's medical opinion that she suffered from a physical impairment that prevented her from managing her financial affairs during any period prior to the August 15, 2002 filing deadline and that specifies the period, as required by Revenue Procedure 99-21.  Henry has therefore failed to adduce evidence that would permit the finding that the limitations period was tolled under 26 U.S.C. § 6511(h).  Because her refund claim is untimely, she has failed to fall within the statutory waiver of sovereign immunity, and the court lacks jurisdiction in this case.

*     *     *

The government's October 6, 2006 motion for summary judgment is granted, and this action is dismissed with prejudice[2] by judgment filed today.

**SO ORDERED.**

December 26, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2]*See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam) ("Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court. Here, however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the [plaintiffs] redraft their claims to avoid the exceptions to the [Federal Tort Claims Act]." (citation omitted)); *see also Bloomquist v. Brady*, 894 F. Supp. 108, 116 (W.D.N.Y. 1995) ("A dismissal based on sovereign immunity is a decision on the merits, as it determines that a party has no cause of action or substantive right to recover against the United States.").

- 11 -